IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #00146717, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-2871-M-BN |
| STATE OF TEXAS, ET AL., | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Draucker, an inmate at the Rockwall County jail, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his custody while facing extradition from Texas to Pennsylvania. *See* Dkt. No. 3. His federal habeas application is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn.

Related to Draucker's request for federal habeas relief, the Dallas Court of Appeals affirmed a trial court's denial of Draucker's state habeas petition, agreeing with the trial court that the issuance of a valid Governor's Warrant moots his complaints concerning confinement. *See Ex parte Draucker*, No. 05-22-00615-CR, 2022 WL 6935605 (Tex. App. – Dallas Oct. 12, 2022). And, last month, Draucker filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals (the CCA), *see Ex parte Draucker*, PD-0686-22 (Tex. Crim. App.) (filed Dec. 7, 2022), which remains pending.

A person "'who is not in custody pursuant to a state court judgment'" – such as one who is in "'pre-conviction custody, <u>custody awaiting extradition</u>, or other forms of custody that are possible without a conviction'" – may "take advantage of [28 U.S.C.] § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (emphasis added; quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

But such a person may only "raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Draucker's detention at the jail satisfies the first, "in custody" requirement.

But he must still exhaust "available state remedies." *Ray*, 2006 WL 2842122, at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

These exhaustion requirements apply to those in custody awaiting extradition. *See, e.g., Bales v. State of Tex.*, 324 F. Supp. 127, 128 (S.D. Tex. 1970).

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a

> currently available and adequate procedure. *Braden,* 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Draucker has not made this showing, as the record reflects that the CCA has not ruled on his pending PDR. The Court should therefore dismiss the Section 2241 habeas application without prejudice to allow Draucker to exhaust available state remedies.

## Recommendation

The Court should dismiss this pending habeas action without prejudice to Petitioner James Draucker's right to exhaust available state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

- 4 -

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 5, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE