IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #00146717, | § § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-2871-M-BN |
| STATE OF TEXAS, ET AL., | § § § | |
| Respondents. | § | |

**ORDER WITHDRAWING EXHAUSTION FINDINGS, CONCLUSIONS, AND RECOMMENDATION, GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DENYING MOTIONS FOR BAIL AND TO APPOINT COUNSEL**

Petitioner James Draucker, an inmate at the Rockwall County jail, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his custody while facing extradition from Texas to Pennsylvania. *See* Dkt. No. 3. His federal habeas application is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn.

Related to Draucker's request for federal habeas relief, the Dallas Court of Appeals affirmed a trial court's denial of Draucker's state habeas petition, agreeing with the trial court that the issuance of a valid Governor's Warrant moots Draucker's complaints concerning confinement. *See Ex parte Draucker*, No. 05-22-00615-CR, 2022 WL 6935605 (Tex. App. – Dallas Oct. 12, 2022).

Draucker then filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals (the CCA), *see Ex parte Draucker*, PD-0686-22 (Tex. Crim.

App.) (filed Dec. 7, 2022).

Because the PDR was pending when Draucker filed this action, the undersigned entered findings of fact and conclusions of law on January 5, 2023 recommending that the Court dismiss the federal habeas application without prejudice for Draucker's failure to exhaust available state remedies (the Exhaustion FCR) [Dkt. No. 8].

Draucker now informs the Court that the CCA has denied the PDR. *See* Dkt. No. 13; *Ex parte Draucker*, PD-0686-22 (Tex. Crim. App. Jan. 11, 2023); *see also Ex parte Draucker*, WR-94,476-01 (Tex. Crim. App. Jan. 24, 2023) (denying Draucker's "petition for immediate release of defendant" and "motion for compelling discovery").

So, under the assumption that Draucker will not petition the United States Supreme Court for certiorari review, the Court WITHDRAWS the Exhaustion FCR [Dkt. No. 8] and TERMINATES AS MOOT Draucker's Motion Seeking Habeas Action Pending [Dkt. No. 12].

The Court further GRANTS Draucker leave to proceed *in forma pauperis* [Dkt. Nos. 4, 10].

And the Court DENIES his motion to appoint counsel [Dkt. No. 15] and Motion for Injunction/PR Bond [Dkt. No. 14].

"It is well settled that extradition proceedings are not considered criminal proceedings that carry the sixth amendment guarantee of assistance of counsel." *Chewning v. Rogerson*, 29 F.3d 418, 421 (8th Cir. 1994) (collecting cases, including *McDonald v. Burrows*, 731 F.2d 294, 297 (5th Cir. 1984) ("Extradition is not … a

criminal proceeding. It does not involve determination of the guilt or innocence of the person to be extradited and, therefore, does not invoke the same degree of protection of the defendant's constitutional rights." (footnotes omitted))).

Even so, under the Criminal Justice Act (CJA), as implemented by the Court's CJA Plan, *see* MISC. ORDER NO. 3 (N.D. Tex. Dec. 20, 2018), "a [financially-eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require,'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (quoting 18 U.S.C. § 3006A(a)(2)(B)); *see also* MISC. ORDER NO. 3, ¶ IV(A)(2)(b).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)).

But the undersigned's review of the record and Draucker's arguments does not reveal that the interests of justice require that the Court, at this time, appoint counsel for him under Section 3006A(a)(2)(B).

As for Draucker's Motion for Injunction/PR Bond, the Court liberally construes this filing as requesting bail while seeking habeas relief.

The United States Court of Appeals for the Fifth Circuit has held, in the context of habeas relief under 28 U.S.C. § 2254, that, "[i]n spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on

his application for a writ of habeas corpus." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) (collecting authority).[1]

> Release on bail should be granted to a prisoner pending post-conviction habeas review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Examples of "extraordinary circumstances" include the serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition. *See id.* at 702 n.1.

*United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. Feb. 22, 2001) (per curiam); *see also Watson v. Goodwin*, 709 F. App'x 311, 312 (5th Cir. 2020) (per curiam) (applying *Calley* where the district court denied bail in a Section 2254 proceeding).

Both a substantial constitutional claim with a high probability of success <u>and</u> an extraordinary or exceptional circumstance must be present before a district court may grant a request for release on bail pending its decision on a collateral attack of a sentence. *See United States v. Bishop*, 519 F. App'x 216, 218 (5th Cir. 2012) (per curiam) ("Bishop cannot demonstrate that she has a high probability of success on her constitutional claim. We cannot assess the probability of success of her claim of

---

[1] *See also id.* at 174 n.1 (observing without deciding that, because they are vested with "'all powers and duties conferred or imposed upon United States commissioners by law,'" which included "to take bail," United States magistrate judges possess the power "to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action" (quoting 28 U.S.C. § 636(a)(1); citation omitted)).

ineffective assistance of counsel until the district court holds an evidentiary hearing on remand. Accordingly, we need not determine whether her deteriorating health constitutes an exceptional circumstance."); *accord United States v. Vogel*, 595 F. App'x 416, 417 (5th Cir. 2015) (per curiam); *United States v. Pratt*, 304 F. App'x 299, 299 (5th Cir. 2008) (per curiam).

Even if this authority, developed in the context of a collateral attack on a state criminal judgment, may apply here, because Draucker has yet to show, in this collateral attack on an extradition order, a substantial constitutional claim with a high probability of success and an extraordinary or exceptional circumstance, his request for release while the Court considers his Section 2241 petition is denied.

In sum, the Court will now review the substance of Draucker's habeas claims but has not determined if service is required. And the Clerk of Court shall ensure that the docket reflects that, through this order, Dkt. Nos. 4 and 10 are granted; Dkt. Nos. 14 and 15 are denied; Dkt. No. 8 is terminated as withdrawn; and Dkt. No. 12 is terminated as moot.

SO ORDERED.

DATED: January 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE