IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES DRAUCKER,                          §
#00146717,                               §
                                         §
            Petitioner,                  §
                                         §
V.                                       §          No. 3:22-cv-2871-M-BN
                                         §
STATE OF TEXAS, ET AL.,                  §
                                         §
            Respondents.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Draucker, then an inmate at the Rockwall County jail, filed

a *pro se* application for a writ of habeas corpus to challenge his custody while facing

extradition and/or extradition from Texas to Pennsylvania. *See* Dkt. No. 3.

United States District Judge Barbara M. G. Lynn has now referred Draucker's

federal habeas application to the undersigned United States magistrate judge for

pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Most recently in this proceeding, the undersigned entered findings of fact and

conclusions of law recommending that the Court summarily dismiss the habeas

application with prejudice, *see* Dkt. No. 21, which the undersigned then withdrew, to

require a response from the Rockwall County Sheriff, *see* Dkt. No. 23. The Sheriff

filed a response that, in part, confirmed that, on or about March 8, 2023, Draucker

was released to Pennsylvania law enforcement. *See* Dkt. No. 28.

The undersigned now enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss the habeas application.

## Applicable Background

On November 24, 2021, the Commonwealth of Pennsylvania charged [Draucker] with 2 counts of felony driving under the influence of drugs or alcohol and 9 misdemeanor offenses. According to [his] sworn application for writ of habeas corpus, on March 30, 2022, he was arrested in Fort Worth on bench warrants from Rockwall County, Texas and Jefferson County, Pennsylvania. On April 8, 2022, [Draucker] pleaded guilty to a Rockwall County driving while under the influence charge and was sentenced to 25 days in jail, with credit for time served. On April 13, 2022, [he] appeared before the Rockwall County Court at Law and refused extradition to Pennsylvania.

Consequently, on April 28, 2022, the Pennsylvania extradition proceedings were initiated by Jefferson County, Pennsylvania's Petition for Requisition directed to the Governor of Pennsylvania. On May 3, 2022, the Commonwealth of Pennsylvania issued its Governor's Requisition addressed to the Governor of Texas, reciting that [Draucker] fled from Pennsylvania to Texas and requesting that Texas apprehend [Draucker] and deliver him to designated agents of the Commonwealth of Pennsylvania for prosecution.

On May 10, 2022, the Governor of Texas issued a warrant for [Draucker's] arrest addressed to all Texas law enforcement directing [his] delivery to Pennsylvania authorities.

On June 6, 2022, [Draucker] filed his application for writ of habeas corpus alleging that he was illegally confined and restrained of liberty by the Sheriff of Rockwall County. A hearing on [Draucker's] application was held on June 6, 2022, [Draucker] did not contest any of the legal requirements for extradition: namely, (1) whether the extradition documents on their face are in order (2) whether [he] has been charged with a crime in the demanding state (3) whether [he] is the person named in the extradition request and (4) whether [he] is a fugitive. *Wray v. State*, 624 S.W.2d 573 (Tex. Crim. App. 1981). Moreover, at the hearing, and while under oath, [Draucker] stipulated that he was in fact the person identified in the paperwork for the extradition. The State also introduced into evidence the Executive Warrant of the Governor of the State of Texas and the requisition and supporting papers authorizing the arrest and return of appellant to the Commonwealth of Pennsylvania to answer the charges pending against him there. The trial court denied [Draucker's] application.

*Ex parte Draucker*, No. 05-22-00615-CR, 2022 WL 6935605, at *1 (Tex. App. – Dallas Oct. 12, 2022, pet. ref'd).

Draucker appealed. And the Dallas Court of Appeals affirmed the trial court's

denial of Draucker's state habeas petition on October 12, 2022, agreeing with the trial court that the issuance of a valid Governor's Warrant moots Draucker's complaints concerning confinement – his "sole issue." *Draucker*, 2022 WL 6935605, at *2.

On October 16, 2022, Draucker filed an action in federal court concerning his extradition. And, because Draucker had filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals (the CCA) but did not wait for the CCA to rule on the PDR before seeking federal habeas relief, the Court denied Draucker's construed 28 U.S.C. § 2241 application for a writ of habeas corpus without prejudice to his right to exhaust available state remedies. *See Draucker v. Rockwall Cnty. Court House*, No. 3:22-cv-2359-M-BN, 2022 WL 18107068 (N.D. Tex. Dec. 8, 2022) (citing *Ex parte Draucker*, PD-0686-22 (Tex. Crim. App.) (filed Dec. 7, 2022)), *rec. accepted*, 2023 WL 27898 (N.D. Tex. Jan. 4, 2023).

Draucker then filed this action, again seeking federal habeas relief. And, because the PDR was still pending when Draucker did so, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss the federal habeas application without prejudice for Draucker's failure to exhaust available state remedies (the Exhaustion FCR) [Dkt. No. 8].

Draucker then informed the Court that the CCA had ruled on the PDR. *See* Dkt. No. 13; *Ex parte Draucker*, PD-0686-22 (Tex. Crim. App. Jan. 11, 2023); *see also Ex parte Draucker*, WR-94,476-01 (Tex. Crim. App.) (denying Draucker's "petition for immediate release of defendant"; his "motion for compelling discovery"; and his "motion for leave to file the original application for a writ of habeas corpus").

So the undersigned withdrew the Exhaustion FCR. *See* Dkt. No. 17 (concluding that "the Court will now review the substance of Draucker's habeas claims but has not determined if service is required").

And, as the Sheriff's response reflects, Draucker has since been "released [ ] to law enforcement personnel for the State of Pennsylvania." Dkt. No. 28 at 3, 29.

## Legal Standards

Draucker was not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), when he filed this federal habeas petition insofar as a habeas judgment "up[held] the Governor's Warrant," *Edwards v. Bowles*, No. 3:03-cv-2624-M, 2004 WL 308036, at *5 (N.D. Tex. Feb. 18, 2004), *rec. accepted*, 2004 WL 741290 (N.D. Tex. Mar. 16, 2004). Instead, he was "in custody by virtue of the Governor's Warrant itself." *Id.*

As such, "this action falls under 28 U.S.C. § 2241(c)(3), which applies to those 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* at *6; *cf. McDonald v. Burrows*, 731 F.2d 294, 298 (5th Cir. 1984) ("The statute requiring a certificate of probable cause for appeal, 28 U.S.C. § 2253, applies to habeas corpus proceedings only, and only when the detention complained of 'arises out of process issued by a State court.' Because McDonald was brought before the court on an extradition warrant issued by the Governor of Texas and not on process issued by a state court, no certificate of probable cause to appeal the denial of habeas relief is required.").

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas

corpus matters 'as law and justice require.'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## Analysis

Draucker's allegations are far reaching, inviting the federal court to broadly intervene. For example, even after his transfer to Pennsylvania, Draucker seeks court-appointed counsel in this district to evaluate the legality of the Governor's Warrant and the legitimacy of the Pennsylvania criminal proceeding, and he requests that this Court order his release from Pennsylvania custody. *See* Dkt. No. 29.

But the "sole issue" that Draucker exhausted in the state courts concerned his "complaint that he was detained in excess of the statutory period without being recommitted." *Draucker*, 2022 WL 6935605, at *2. And the state courts ruled that "[t]he issuance of the warrant rendered [that complaint] moot." *Id.*

> The Texas Code of Criminal Procedure requires that a person confined under a fugitive warrant be discharged from custody if a governor's warrant is not issued within 90 days of confinement. TEX. CODE CRIM. PROC. ANN. art. 51.13, §§ 15, 17. However, the [CCA] has held that the issuance of a Governor's Warrant renders moot any complaint arising from confinement under a fugitive warrant, including detention in excess of the statutory period.

*Id.* (citations omitted).

Even so, the Texas courts also considered Draucker's detention pending extradition under the United States Constitution and federal law. *See id.* ("Article IV, Section 2 of the United States Constitution establishes the basis for extradition of fugitives between states. U.S. CONST. art. IV, § 2, cl. 2. The Uniform Criminal Extradition Act (UCEA) implements the Extradition Clause and is embodied in Texas Code of Criminal Procedure article 51.13." (citations omitted)).

The Constitution's extradition clause

> is intended to allow each state to bring offenders to trial as quickly as possible in the state where the offense was committed. The Constitution does not contemplate that the asylum state will make a determination of guilt or innocence or conduct "the kind of preliminary inquiry traditionally intervening between the initial arrest and trial." *Michigan v. Doran*, 439 U.S. 282, 288 (1979). After the governor of the asylum state has granted extradition, a court in reviewing a petition for habeas relief may decide only "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." 439 U.S. at 289. Federal courts are not lightly to interfere in the constitutionally-mandated extradition process. It is not our province to inquire into the motives of the governors of the demanding and asylum states. Protection of the right of the demanding state swiftly to try alleged offenders who have left its jurisdiction requires that the courts of the asylum state review the extradition documents summarily. Courts of the asylum state are limited to determining the factors listed in *Doran*, characterized by the Supreme Court as "historic facts readily verifiable." 439 U.S. at 289. They may not conduct a probable cause hearing. *Id.* at 290. They may not inquire into the constitutionality of prison conditions in the demanding state. On like principle, they may not probe the motives of the prosecutor.

*McDonald*, 731 F.2d at 296-97 (footnotes omitted).

The state court proceedings set out above show that the trial court fulfilled its narrow role in the extradition process as established by *Michigan v. Doran*. And nothing in the record before this Court reflects that a federal court should "interfere in the constitutionally-mandated extradition process." *McDonald*, 731 F.2d at 296.

In sum, Draucker fails to show that he is entitled to habeas relief in this district under the narrow scope of Section 2241 in the context of extradition. That is, Draucker failed to show that his custody in Rockwall County prior to being released to Pennsylvania authorities was "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And, to the extent that Draucker

specifically challenged his continued custody in Rockwall County pending extradition, his release to Pennsylvania authorities earlier this month moots that challenge.

The Court should therefore dismiss his Section 2241 petition.

## Recommendation

The Court should dismiss this habeas action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 28, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE